IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                  CRIMINAL ACTION NO. 2:05CR44

DENISE MICHELLE CLARK

        Defendant.

**ORDER/OPINION**

On the 28th day of November, 2005, came the United States of America by Shawn Angus Morgan, Assistant United States Attorney, and also came the defendant, Denise Michelle Clark, in person, and by her counsel, Scott A. Curnutte, for hearing regarding allegations in the November 18, 2005 warrant for Clark's arrest that alleging that Clark violated Conditions of her release by possessing a "firearm, destructive device, or other dangerous weapons."

I. Procedural History

On October 31, 2005, Defendant Denise Michelle Clark was released on conditions set by Order of this Court. On November 18, 2005, AUSA Morgan appeared before the undersigned United States Magistrate Judge to obtain a warrant for Clark's arrest, with ATF Special Agent Berkeley Kcraget appearing by telephone alleging Clark violated conditions of the Order. By Order dated November 18, 2005, United States Magistrate Judge John S. Kaull directed Clark be arrested and brought before the Court to answer the allegations made against her.

Defendant was arrested pursuant to the Court's order on November 18, 2005. Defendant had an Initial Appearance before the Court on November 21, 2005, and a full hearing was held

before the undersigned on November 18, 2005. Defendant appeared in person and by her counsel, Scott A. Curnutte. The United States appeared by Shawn Angus, its Assistant United States Attorney.

## II. Contentions

The United States alleges that Defendant herself possessed the handgun and pointed it in the direction of Defendant's neighbor, Jenny Samples, a potential witness in the case against Defendant; that Defendant possessed a long gun; and that Defendant fired the handgun. The United States acknowledges that, although Agent Kcraget originally believed the silver handgun he saw depicted in a video tape was an actual handgun, it was later determined to be a pellet gun. Two long guns were also observed in the video tape were also later determined to be pellet guns. The United States maintains that Defendant's possession of these pellet guns was nevertheless a violation of her Conditions of Release.

The Court heard the testimony of Defendant's neighbor, Jenny Samples, ATF Special Agent Berkeley Kcraget, and Allen Chisholm, a friend of Defendant's family. The Court also heard the argument of counsel and admitted evidence into the record.

## III. Findings Of Fact

Based on the testimony presented at the hearing held November 28, 2005, and the docket record as the same existed on November 28, 2005, the undersigned makes the following findings of fact based upon a preponderance of the evidence:

1) Defendant was placed on conditional release by Order dated October 31, 2005.

2) Condition No. 7(j) of the Order Setting Conditions of Release required Defendant to avoid all contact, directly or indirectly, with any persons who are or who may become a victim

or potential witness in the subject investigation or prosecution.

3) Jenny Samples, Defendant's neighbor, is a potential witness in the case against Defendant.

3) Condition No.7(n) of the Order Setting Conditions of Release required Defendant to refrain from possessing a firearm, destructive device or other dangerous weapons.

4) Defendant was released from federal custody on October 31, 2005, pursuant to the Order Setting Conditions of Release.

5) Defendant signed an acknowledgment that she was aware of the conditions of her release, was aware of the penalties and sanctions for violations of her conditions of release, and promised to obey her conditions of release.

6) On November 17, 2005, Defendant purchased and possessed Government Exhibit 3, an air gun with a CO2 cartridge which shoots .177 metal projectiles through a metal rifled barrel.

7) On November 18, Defendant videotaped herself, and was videotaped by her neighbor Ms. Samples holding Government Exhibit 3 and pointing it as if to fire it.

8) The testimony was that Defendant did discharge the pellet gun.

9) The pellet gun bears a manufacturer's warning in plain sight stating that the pellet gun was not a toy, and that misuse may cause fatal injury.

10) The Court concludes that the pellet gun was a destructive device or dangerous weapon, at least within the meaning of the Court's Order Setting Conditions of Release.

11) Defendant was at one point holding the pellet gun in a manner not in line with Jenny Samples' residence; however, she also raised and lowered the pellet gun in the air in a manner similar to that used in old television shows to imitate or indicate firing at an object

or person.

12) ATF Special Agent Kcraget testified he saw a "puff" coming from the pellet gun consistent with CO2 gas projecting a projectile from the barrel. Agent Kcraget also testified it was Defendant who fired the gun.

## IV. Conclusion

Upon consideration of all the evidence, the undersigned concludes there is clear and convincing evidence that, even after Defendant was carefully warned of each condition of her release, and especially regarding witness intimidation, Defendant violated conditions 7(j) and 7(n) of the Order Setting Conditions of Release entered October 31, 2005.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence presented at the hearing, the undersigned finds there are no other Conditions the Court could fashion that would prevent Defendant from violating her Conditions of Release and from intimidating potential witnesses.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a) , (b)(1)(B) and (2)(A) and (B), the release of Defendant Denise Michelle Clark on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;
2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: November 28, 2005.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE